IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

**05-10446 GAO**

| | |
|---|---|
| EILEEN DICK,<br>      Plaintiff<br><br>v.<br><br>AMERICAN AIRLINES, INC. and<br>WORLDWIDE FLIGHT SERVICES, INC.,<br>      Defendants. | |

MAGISTRATE JUDGE _____

RECEIPT = _____

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
### 28 U.S.C. § 1441 (a)

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS:**

The Defendant, Worldwide Flight Services, Inc. (hereinafter "Worldwide" or the "Defendant"), pursuant to Section 1331 and Section 1441 of Title 28 of the United States Code and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County and states the following in support of this Notice of Removal:

1. The Plaintiff, Eileen Dick, (hereinafter "Dick" or the "Plaintiff"), filed a civil action against Worldwide on or about February 1, 2005, in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Civil Action No. SUCV2005-0466, entitled Dick v. American Airlines, Inc. and Worldwide Flight Services, Inc.

2. On or about February 23, 2005, the Plaintiff served Worldwide with a copy of the Complaint. See Ret. of Service.

3. This Notice of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The

35253.1

   documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon Worldwide by the Plaintiff to date.

4. This action is removable to this Court pursuant to Section 1441(a) and (b) of Title 28 of the United States Code, because this Court has original jurisdiction under Section 1331 of Title 28 of the United States Code.

5. In particular, the Plaintiff's claims present federal questions because they are (1) completely preempted, (2) arise under federal common law, and/or (3) raise express or implied causes of action under the Constitution, federal statute, or international treaty.

6. The following bodies of law support a finding of complete preemption of the Plaintiff's claims, a finding that the claims arise under federal common law, and/or a finding that the complaint raises an express or implied cause of action under the Constitution, federal statute or international treaty: the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention").

7. This action is removable to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Plaintiff is a resident of Dorchester, Massachusetts.  Worldwide Flight Services, Inc. is a Texas corporation and its principal place of business is located in Irving, Texas. Thus, diversity of citizenship exists. Moreover, the amount in controversy is reasonably likely to exceed $75,000 based upon the plaintiff's claim that they are entitled $69,218.00 in monetary damages plus interest, costs and additional relief. Thus, in the event plaintiff prevails on these claims against Worldwide, and Worldwide is adjudged liable for damages incurred by the plaintiff, plaintiff claims she is entitled to recover an amount more than $69,218.00 and likely more than the $75,000 jurisdictional amount.

8. This Notice of Removal is being filed within thirty (30) days of service and receipt of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

9. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, as required by Section 1446(d) of Title 28 of the United States Code.

10. Pursuant to Local Rule 81.1(a) shall, within thirty (30) days after filing a notice for removal of the action from state court to this court, file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court. See LR 81.1(a).

2

35253.1

WHEREFORE, Worldwide prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed to the United States District Court for the District of Massachusetts.

        Respectfully submitted,

        Worldwide Flight Services, Inc.,

        By Its Attorneys,

        Maynard M. Kirpalani, BBO#273940
        Geoffrey Coan, BBO# 641998
        Wilson, Elser, Moskowitz,
        Edelman & Dicker, LLP
        155 Federal Street
        Boston, MA 02110
        (617) 422-5300

Dated: 3/9/05

35253.1

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0466

Eileen Dick
_____ , Plaintiff(s)

v.

American Airlines, Inc. and Worldwide Flight Services
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Kathleen Kane, Spillane Law Offices
plaintiff's attorney, whose address is 1212 Hancock Street, Quincy, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest:
2/23/'__ Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0466 | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Eileen Dick | American Airlines, Inc. and Worldwide Flight Services, Inc. |

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Kathleen Kane, Spillane Law Offices
1212 Hancock Street, Suite 200, Quincy, MA
Board of Bar Overseers number: 660175

ATTORNEY (if known)

RECEIVED FEB 07 2005
MICHAEL JOSEPH DONOVAN

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ 220.00
2. Total Doctor expenses ............................................. $ 598.00
3. Total chiropractic expenses ....................................... $ 0
4. Total physical therapy expenses ................................... $ 3,400.00
5. Total other expenses (describe) ................................... $ 0
   Subtotal $ 4,218.00
B. Documented lost wages and compensation to date ...................... $ 0
C. Documented property damages to date ................................. $ 0
D. Reasonably anticipated future medical and hospital expenses ......... $ 15,000.00
E. Reasonably anticipated lost wages .................................. $ 0
F. Other documented items of damages (describe) ....................... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff suffered a right knee ACL tear, medial menisous tear, and patella chondromaloia.
   $ 50,000.00
   $
   TOTAL $ 69,218.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Kathleen Kane_  DATE 2/1/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                    SUPERIOR COURT DEPT.
                                                                CIVIL ACTION NO.:

                                                                05-0466

EILEEN DICK
    Plaintiff

v.

AMERICAN AIRLINES, INC.

    Defendant.

WORLDWIDE FLIGHT SERVICES, INC.

    Defendant.

RECEIVED

FEB    2005

MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE

## PARTIES

1. Plaintiff, Eileen Dick, is a natural person residing at 106 Greenbriar Street, Dorchester, Suffolk County, Massachusetts.

2. Defendant, American Airlines, Inc. is a foreign corporation with its principal place of business at P.O. Box 619616 MD 5675, 4333 Amon Carter Blvd, Fort Worth, Texas.

3. Defendant, Worldwide Flight Services, Inc is a foreign corporation with its principle place of business at 1925 W. John Carpenter Fwy., Ste. 450 Irving, Texas.

## FACTS

4. At all relevant times herein, Defendant, American Airlines was a

SPILLANE LAW OFFICES
• • • • •
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-6373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com

tenant of Miami Dade Airport.

5. At all relevant times, herein, Defendant Worldwide Flight Services, Inc. operated in Miami Dade Airport, including American Airlines terminals.

6. Eileen Dick was a lawful invitee on the premises of Defendant American Airlines.

7. Iris Baggy, the Plaintiff's mother, was a lawful invitee on American Airlines premises and placed in the care of an employee of co-Defendant, Worldwide Flight Services, Inc.

8. While on Defendant's, American Airlines' premises, and under the care of co-Defendant, Worldwide Flight Services, Inc., the Plaintiff was injured when her mom fell on her while riding down an escalator, sustaining substantial personal injuries.

## COUNT 1: NEGLIGENCE
## AMERICAN AIRLINES

9. The Plaintiff repeats, realleges, and incorporates fully paragraph 1 through 8 as if each were set forth in their entirety.

10. The Defendant, American Airlines owed a duty to the Plaintiff to make reasonable efforts to ensure that the companies they allow to operate on their premises do so with reasonable care.

11. The Defendant, American Airlines, was negligent when they breached their duty to ensure that Worldwide Flights, Inc. operated on their premises with due care.

12. As a direct and proximate cause of the Defendant's breach of its duty

SPILLANE LAW OFFICES
* * * * *
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com

to exercise due care, the Plaintiff sustained personal injuries, incurred medical expenses, and experienced suffering to her mind and body

WHEREFORE, the Plaintiff demands judgment against the Defendant, American Airlines Inc., for monetary damages, interest, costs, and such additional relief as the court deems just and reasonable.

### COUNT 2: NEGLIGENCE
### WORLDWIDE FLIGHT SERVICES, INC.

13. The Plaintiff repeats, realleges, and incorporates fully paragraph 1 through 8 as if each were set forth in their entirety.

14. The Defendant, Worldwide Flight Services, Inc. owed the Plaintiff a duty to exercise reasonable care while operating in its capacity of transporting the Plaintiff's mother through the airport.

15. The Defendant, Worldwide Flight Services, Inc. was negligent in that they breached their duty to exercise reasonable care when their employee had the Plaintiff's mother, Iris Baggey attempt to stand on a moving escalator.

16. As a direct and proximate cause of the Defendant's negligence, Iris fell on the Plaintiff who sustained personal injuries to her mind and body and incurred substantial medical expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Worldwide Flight Services. Inc. for monetary damages, interest, costs and such additional relief, as the Court deems just and reasonable.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a Trial by Jury on all issues so triable

SPILLANE LAW OFFICES
♦ ♦ ♦ ♦ ♦
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com

By Plaintiff's Attorney

*[signature]*

Kathleen Kane, BBO No. 660175
Spillane Law Offices
1212 Hancock Street-Suite 200
Quincy, MA 02169-4300
(617) 328-9100

DATED: February 1, 2005

SPILLANE LAW OFFICES
♦ ♦ ♦ ♦ ♦
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com


CT System

Service of Process Transmittal Form
Boston, Massachusetts
02/23/2005
Via Federal Express (2nd Day)

TO: Jeanette Quay Legal Counsel
Worldwide Flight Services, Inc.
1925 W. John Carpenter Freeway
Ste. 450
Irving, TX 75063-3224

RE: **PROCESS SERVED IN MASSACHUSETTS**

FOR  Worldwide Flight Services, Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Eileen Dick, Pltf. vs American Airlines Inc., et al. including Worldwide Flight Service, Deft. |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Commonwealth of Massachusetts, Suffolk Superior Court<br>Case Number 05-0466 |
| 4. NATURE OF ACTION: | Negligence resulting in personal injury. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 02/23/2005 at 10:55 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | Kathleen Kane<br>Spillane Law Office<br>1212 Hancock Street<br>Ste. 200<br>Quincy, MA 02169 |
| 9. REMARKS: | i-Note sent 02/23/2005 to LEARLEY@WORLDWIDEFLIGHT.COMi-Note sent 02/23/2005 to JQUAY@WORLDWIDEFLIGHT.COM |

CC: Loyd Earley
Worldwide Flight Services, Inc.
1925 W. John Carpenter Freeway
Ste. 450
Irving, TX 75063-3224

SIGNED  CT Corporation System
PER     Dahrlena K. Mitchell /YC
ADDRESS 101 Federal Street
        Boston, MA 02110
        SOP WS 0007021461

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 - 10446 GAO**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Eileen Dick v. American Airlines, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? ___No___

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? ___No___

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___No___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? ___No___

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___no___

   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Eastern__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Carey L. Bertrand__

ADDRESS __Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal St., Boston, MA 02110__

TELEPHONE NO. __(617) 422-5300__

(COVER.SHT-08/90)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Eileen Dick

**DEFENDANTS**
American Airlines, Inc. & Worldwide Flight Services

**05 - 10446 GAO**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kathleen Kane
Spillane Law Offices, 1212 Hancock Street, Suite 200
Quincy, MA

ATTORNEYS (IF KNOWN)
Carey L. Bertrand
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Boston, MA 02110

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 362 Personal Injury — Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury — Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1331, 28 USC 1441 & 49 USC 40105 – PERSONAL INJURY DURING TRAVEL BY AIRPLANE

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE: 3/9/05
SIGNATURE OF ATTORNEY OF RECORD: Carey L. Bertrand

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___