UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:   05-10446GAO

EILEEN DICK,
       Plaintiff

v.

AMERICAN AIRLINES, INC. and
WORLDWIDE FLIGHT SERVICES, INC.,
       Defendants.

## ANSWER OF WORLDWIDE FLIGHT SERVICES, INC.

### Parties

1. The Defendant, Worldwide Flight Services, Inc., ("Worldwide") is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendant, Worldwide, is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendant, Worldwide, admits that allegations contained in Paragraph 3 of the Plaintiff's Complaint.

### Facts

4. The Defendant, Worldwide, is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendant, Worldwide, admits that allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The allegation contained in Paragraph 6 calls for a legal conclusion and thus, no answer is required.  However, to the extent an answer is required, Worldwide is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The allegation contained in Paragraph 7 calls for a legal conclusion with regard to being a lawful invitee and thus, no answer is required.  However, to the extent an answer is required, Worldwide is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint. Regarding the remaining allegations contained in the Paragraph 7 of the Plaintiff's Complaint, Worldwide admits that it assisted Ms. Baggy and denies the remainder of the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

35476.1

8. The Defendant, Worldwide, denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

### COUNT 1: NEGLIGENCE AMERICAN AIRLINES

This Count is not directed at the Defendant and no response is required, however to the extent that such a response is required, the Defendant denies the allegations contained.

### COUNT 2: NEGLIGENCE WORLWIDE FLIGHT SERVICES, INC.

13. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 12 of the Plaintiff's Complaint.

14. The Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

*WHEREFORE*, the Defendant, Worldwide Flight Services, Inc. requests that this Count be dismissed and that Worldwide be awarded attorneys' fees and costs and any other relief that this Court deems just and appropriate.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a cause of action in its complaint for which relief can be granted. Federal Rules of Civil Procedure 12 (b)(6).

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff.

35476.1

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim is barred by the applicable statute of limitations. The Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention"), as amended.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim is limited and/or barred by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention"), as amended.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that process was deficient.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that service of process was deficient.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to recover because the plaintiff failed to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that no act or omission by it was a proximate cause of damages, if any, allegedly sustained by the plaintiff.

35476.1

                                              Respectfully submitted,

                                              Worldwide Flight Services, Inc.,

                                              By Its Attorneys,


                                              <u>/s/ Maynard M. Kirpalani</u>
                                              Maynard M. Kirpalani, BBO#273940
                                              Geoffrey Coan, BBO# 641998
                                              Wilson, Elser, Moskowitz,
                                              Edelman & Dicker, LLP
                                              155 Federal Street
                                              Boston, MA 02110
                                              (617) 422-5300

Dated:  March 16, 2005

35476.1