UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN DICK,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC. and<br>WORLDWIDE FLIGHT SERVICES, INC.<br>    Defendants. | DOCKET NO: 05-10446-GAO |

## ANSWER AND JURY CLAIM OF
## THE DEFENDANT, AMERICAN AIRLINES, INC.
## TO THE PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendant, American Airlines, Inc. ("American") responds to each of the plaintiff's allegations of her Complaint as follows:

1. The defendant admits that Eileen Dick is a natural person but is otherwise unable to either admit or deny the remaining allegations of paragraph 1 of the plaintiff's complaint.

2. The defendant states the allegations contained in paragraph 2 of the plaintiff's complaint do not apply to this defendant and therefore no response is required.

3. The defendant admits the allegations contained in paragraph 3 of the plaintiff's complaint.

962246v1

4. The defendant admits that it had an operation agreement with the owners and operators of the Miami Dade Airport but otherwise denies the remaining allegations of paragraph 4 of the plaintiff's complaint.

5. The allegations set forth in paragraph 5 of the plaintiff's complaint do not apply to this defendant and therefore no response is required.

6. The defendant states that paragraph 6 of the plaintiff's complaint sets forth conclusions of law to which no response is required. Further answering, the defendant states that the plaintiff was a passenger and traveling pursuant to an international flight which rights and liabilities are governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, 3014 T.S. No. 876 (1934), reprinted in note 49 U.S.C. § 40105 ("Warsaw Convention") as amended.

7. The allegations set forth in paragraph 7 of the plaintiff's complaint set forth conclusions of law to which no response is required and otherwise states that Iris Baggy was a passenger in connection with an international flight and therefore was governed by the Warsaw Convention.

8. The allegations set forth in paragraph 8 of the plaintiff's complaint do not apply to this defendant and therefore no response is required. Further answering, the defendant admits that the plaintiff was traveling to meet a connecting flight as part of her international flight and therefore all rights and liabilities are governed by the Warsaw Convention.

## Count I
### (Negligence of American Airlines)

9. The defendant repeats, realleges and incorporates fully its answers to paragraphs 1 through 8 above as if each were set forth in their entirety.

10. The allegations set forth in paragraph 10 set forth conclusions of law to which no response is required. To any extent a response is deemed required the defendant denies the allegations set forth in paragraph 10 and reasserts that any rights or liabilities are governed by the Warsaw Convention.

11. The defendant denies the allegations set forth in paragraph 11 of the plaintiff's complaint; it denies that it owed any such duty; and otherwise states and answers that the rights and liabilities of the parties are governed by the Warsaw Convention.

12. The defendant denies the allegations set forth in paragraph 12 of the plaintiff's complaint.

## Count II
### (Negligence – Worldwide Flight Services, Inc.)

13. The defendant repeats, realleges and incorporates fully its answers to paragraphs 1 through 12 above as if each were set forth in their entirety.

14.-16. The allegations set forth in paragraphs 14 through 16 of the plaintiff's complaint do not apply to this defendant and therefore no response is required. To any extent the allegations set forth in paragraphs 14 through 16 of the plaintiff's complaint can be deemed to apply to this defendant they are otherwise denied.

### THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Complaint is preempted, limited and/or barred by the provisions of the Warsaw Convention.

### FOURTH DEFENSE

By way of affirmative defense, the plaintiff has failed to state a cause of action in her complaint for which relief can be granted. Federal Rules of Civil Procedure 12(b)(6).

962246v1

## FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim is barred by the two-year condition precedent and/or limitations period under Article 29 of the Warsaw Convention as amended.

## SIXTH DEFENSE

By way of affirmative defense, the defendant states that plaintiff's claims are governed and/or preempted by the applicable Federal regulations regarding international travel.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant states that plaintiff's claims are barred and/or limited by the provisions of the conditions of carriage and/or international tariffs governing the international flight which is the subject of plaintiff's Complaint.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## NINTH DEFENSE

By way of affirmative defense, the defendant says that the negligence of the plaintiff was greater than the alleged negligence of any defendant and that such negligence of the plaintiff contributed to her alleged injury and therefore the plaintiff is barred from recovery.

## TENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

## **DEMAND FOR JURY TRIAL**

The defendant, American Airlines, Inc., demands a jury trial as to all issues triable as of right to a jury.

>
> Respectfully Submitted,
> The Defendant,
> AMERICAN AIRLINES, INC.
> By their attorneys,
> MORRISON MAHONEY LLP
>
> /s/ Tory A. Weigand
> _____
> Tory A. Weigand, BBO #548553
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA  02210-1181
> (617) 439-7500 (main no.)
> (617) 737-8827 (direct dial)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/CEF system which will send a notice of electronic filing to the following: betrandc@wemed.com, coang@wemed.com, kirpalinim@wemed.com, tweigand@morrisonmahoney.com, and by first class mail to Attorney Kathleen Kane, Spillane Law Offices, Suite 200, 1212 Hancock Street, Quincy, MA 02169-4300.

/s/ Tory A. Weigand
_____
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500 (main no.)
(617) 737-8827 (direct dial)

962246v1