UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EILEEN DICK,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC. and<br>WORLDWIDE FLIGHT SERVICES, INC.<br>    Defendants. | )<br>)<br>)<br>)<br>)    DOCKET NO: 05-10446-GAO<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT WORLDWIDE FLIGHT SERVICES INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Worldwide Flight Services, Inc. (hereinafter "Worldwide") submits this Reply to the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiff argues the following: (1) that the Warsaw Convention does not govern the plaintiff's accident and (2) that defendant Worldwide should not be afforded carrier status under the Convention. See Plaintiff's Opposition to Defendant's Motion for Summary Judgment [hereinafter "Opposition"]. The plaintiff's arguments are neither supported by the law nor the facts of this case. Therefore, as a matter of law, this Court should grant the defendant's Motion for Summary Judgment.

**ARGUMENT**

In order to defeat the defendant's properly supported Motion, the plaintiff is obligated to present competent evidence that a genuine issue of material fact exists with respect to each element of their prima facie case. See Celotex Corp. v. Catrett, 477 U.S. 317, 331, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), citing Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Plaintiff's Opposition to the defendant's Motion does not set forth

60019.1

such competent facts supporting her position that the Warsaw Convention is inapplicable to her case. As such, this Court may rule on summary grounds. See Celotex, 477 U.S. at 322.

**1.    The Warsaw Convention Applies to the Plaintiff's Injuries**

Contrary to the plaintiff's assertions, this case must be governed by the provisions of the Warsaw Convention. As established in Day v. Trans World Airlines, 528 F.2d 31 (2d Cir. 1975) and later adopted by the First Circuit in McCarthy v. Northwest Airlines, Inc., 56 F.3d 313 (1st Cir. 1995), courts rely upon a tripartite test to determine whether a passenger was engaged in the process of embarkation, or disembarkation, at the time of the accident. See McCarthy, 56 F.3d at 317. Specifically, the passenger's location and activity at the time of the injury and the degree of control exercised by the carrier or its agent are evaluated. Id. Although Ms. Dick acknowledges the existence of this standard, her application of it to the case *sub judice* is incorrect.

**A.    The Cases Cited by Plaintiff are Inapposite to the Case at Bar**

In her Opposition, Ms. Dick primarily relies on two cases, Donkor v. British Airways, Corp., 62 F. Supp. 963 (E.D.N.Y. 1999) and MacDonald v. Air Canada, 439 F.2d 1402 (1st Cir. 1975), to illustrate her argument that the accident in question should not fall within the purview of the Warsaw Convention; this reliance is misplaced.

The Donkor decision turned on the failure of both parties to address any of the prongs of the Day test; notably location, activity and control. See Donkor, 62 F. Supp.2d at 968-69. Such a failure is simply not present in this case. As such, the Donker decision is inapplicable to the determination of these issues.

The plaintiff's reliance on the MacDonald decision is equally inappropriate. As an initial matter, the MacDonald court's decision, which predated the Day three-part test, rested solely on the location of the plaintiff, and did not address the plaintiff's activities or the degree of control

2

exercised by the carrier. See Alleyn v. The Port Authority of New York and New Jersey, 58 F. Supp.2d 15, 19-20 (E.D.N.Y. 1999). Factually, the MacDonald plaintiff had already cleared customs and was located in the baggage claim area when the accident occurred. The First Circuit has held that accidents occurring in common areas of the terminal which are not solely restricted to other travelers are not subject to the application of Warsaw. See McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 317 (1st Cir. 1995).[1]

In the instant case, the plaintiff's testimony clearly establishes that the accident occurred five minutes after deplaning, while she was in a restricted part of the terminal limited to ticketed passengers, being brought directly to her connecting flight, and under the direct control and supervision of a Worldwide employee. See Deposition of Eileen Dick (hereinafter "Dick Deposition"), page 31, lines 1-5, 6-15; page 48, lines 18-22; page 50, lines 4-8; page 68, lines 16-24; page 69, lines 1-14; page 70, lines 15-24; page 77, lines 5-12. Indeed, the plaintiff's own Opposition concedes the point that Ms. Dick took the escalator at the direction of a Worldwide employee. See Opposition ("Like the McCarthy plaintiff, Dick was not obliged to take the escalator, and merely did so on the direction of the Defendant.").[2]

---

[1] The plaintiff also cites to McCarthy, Buonocore v. Trans World Airlines, Inc., 900 F.2d 8 (2d Cir. 1990) and Rabinowitz v. Scandinavian Airlines, 741 F. Supp. 441, 446 (S.D.N.Y 1990) in support of her argument that injuries occurring in an airport's public area, such as Ms. Dick's, are not deemed accidents under Warsaw. While Worldwide does not dispute the holding of these cases, the accident which caused Ms. Dick's injuries did not occur in a public area equally accessible to both passengers and non-passengers. The McCarthy and Buonocore plaintiffs had not passed through customs at the time of the accidents and were both located in public areas accessible to passengers, their families, taxi drivers and the like. The Rabinowitz plaintiff, although proceeding to an adjacent concourse to board a connecting flight, was injured in a public area, containing duty free shops, restaurants, restrooms and general seating areas not restricted to SAS passengers. Nor was the Rabinowitz plaintiff proceeding under the direction or control of a carrier's employee.

[2] Ms. Dick argues that she retained "free will" to take another means of transport other than the escalator at issue. See Opposition. However, she has provided no evidence that another means of transport – such as an elevator or stairway - was available. Indeed, she solicited the direction of the Worldwide employee and was made aware that the only elevator was inoperable. See Dick Depo. at page 32, lines 22-24; page 33, lines 1-9.

3

60019.1

2. **The <u>Fazio</u> Decision Cannot be Factually Distinguished**

The plaintiff argues that the decision in <u>Fazio v. Northwest Airlines, Inc.</u>, 2004 Dist. Lexis 8423 (W.D. Mich. March 15, 2004), is factually distinct from her case in that Ms. Bazzey, the plaintiff's mother, did not require assistance in either boarding or deplaning, but in merely navigating through the airport. <u>See</u> Opposition. This argument, albeit creative, is not persuasive. The <u>Fazio</u> court held that the plaintiffs' theories of liability were inextricably tied to the provision of safe transport within the airport and thereby governed by Warsaw. <u>See</u> <u>Fazio</u>, 2004 U.S. Dist. Lexis 8423 at 9. The services provided by Worldwide were to ensure that Ms. Dick's mother, like the <u>Fazio</u> plaintiffs, was able to maneuver safely through the airport to her connecting gate, without the use of escalators in the process.[3] Accordingly, this Court must find that the plaintiff's claims must be governed by the Warsaw Convention.

3. **Worldwide is a "Carrier" as defined by the Warsaw Convention**

Ms. Dick claims that defendant Worldwide is not entitled to the protections afforded carriers pursuant to the Warsaw Convention as it was not conducting services in the scope of a carrier, but was merely providing a convenience to all passengers and on both domestic and international flights. <u>See</u> Opposition.

Ms. Dick's argument that Worldwide was not conducting services in the scope of a carrier is belied by her testimony at which time she did not claim that she contacted Worldwide directly to arrange for wheelchair services, but that she arranged for the same when she originally booked the flight. <u>See</u> Dick Depo, page 19, lines 1-24; page 20, lines 1-10. It is clear that she believed that the services would be provided by the carrier – American Airlines, Inc.

---

[3] The argument in favor of the application of <u>Fazio</u> is even more persuasive when read in conjunction with the plaintiff's deposition. Ms. Dick testified that wheelchair assistance was not requested to assist her mother in boarding or deplaning, but in transporting her within the airport to a connecting flight. <u>See</u> Dick Depo., page 18, lines 20-23.

4

Worldwide, therefore, was providing a service which normally would have been performed by an American Airline's employee, and is thus deserving of the protections afforded a carrier under the Warsaw Convention.

Furthermore, Ms. Dick relies upon the decision in <u>Dazo v. Globe Airport Security Services</u>, 295 F.3d 934 (9th Cir. 2002), a case which is not binding on this Court, which held that a security company could not claim carrier status under Warsaw if it was an agent for more than one airline. The facts which formed the basis for the Ninth Circuit's decision are easily distinguishable from the case at bar. Specifically, Worldwide was not providing services to any carrier other than American and those services were solely for the benefit of American's ticketed passengers. Accordingly, this Court should extend the protections of the Warsaw Convention to Worldwide.

Ms. Dick's failure to present competent evidence that Worldwide was acting in any capacity other than as a carrier eviscerates her arguments to the contrary. Absent such competent evidence, or in this case, any evidence at all that a genuine issue of material fact exists, this Court may rule on summary grounds.

## **CONCLUSION**

In light of the foregoing, defendant Worldwide Flight Services, Inc. respectfully requests that this Court grant its Motion and dismiss the plaintiff's Complaint with prejudice.

                                            The Defendant
                                            Worldwide Flight Services, Inc.

                                            /s/ Geoffrey M. Coan
                                            Geoffrey M. Coan, BBO #641998
                                            Wilson Elser, LLP
                                            155 Federal St., 5th Floor
                                            Boston, MA 02110
                                            (617) 422-5300

60019.1

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 19, 2006.

/s/ Geoffrey M. Coan

60019.1